UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melanie Galasinski,<br><br>    Plaintiff,<br><br>v.<br><br>First Integral Recovery Services<br>c/o Legal Department<br>10039 Bissonnet St. Suite 305<br>Houston , Texas 77036,<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Texas.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- In or around August 2011, Defendant communicated with Plaintiff to collect the Debt.

10- During this communication, Defendant falsely represented to Plaintiff that the Debt was "in litigation."

11- As a direct and proximate result of Defendant's misrepresentation, Plaintiff entered into a payment arrangement with Defendant.

12- In or around November 2011, defendant communicated with Plaintiff to collect the Debt.

13- During this communication, Plaintiff communicated to defendant that she would not be able to continue making the payments.

14- During this communication, Defendant represented to Plaintiff that the account was in the legal department.

15- During this communication, Defendant threatened to get a judgment against Plaintiff is the debt was not paid.

16- During communication, Defendant threatened to increase the balance of the Debt by $2,500 in attorney fees and costs if the Debt was not paid.

17- Defendant damaged Plaintiff.

18- Defendant violated the FDCPA.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant cannot legally take.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant did not intend to take.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT V

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT VI

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

31- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

32- Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*